JOHNSON v. JOHNSON.

1. WILL—LIMITATION OF ESTATES.—J. devised his "homestead to my wife, * * * and if she wants to leave it, she is to let A. * * * have it in trust for his children." *Held*, that the wife took a fee simple, with a recommendation to let A. have it as trustee for his children, if she ceased to use it as a home during her life.

2. WILL—WORDS AND PHRASES.—The words in a will, "all the contents of barns," will not include six bales of cotton stored under a shed built to store buggies.

3. IBID.—IBID.—The words, "I also bequeath to my wife $200 annually, for her support, to be paid out of bonds, mortgages or other moneys belonging to my estate," *construed* to mean that the annuity must be paid out of bonds, mortgages or moneys on hand at death of testator, or their proceeds.

Before BENET, J., Aiken, October, 1896.   Affirmed.

Action by Lydia Johnson, executrix, and A. E. Johnson, executor, of the will of John Johnson, against the heirs of John Johnson and the children of A. E. Johnson, for construction of the will and partition of undevised lands.

The Circuit decree is as follows:

The questions submitted to the Court for adjudication in this action come before me as upon the construction of the will of the late John Johnson, and all of the testimony as reported by the master pursuant to an order of reference. The contestants on the questions raised are the widow of the testator, Mrs. Lydia Johnson, on the one hand, and the minor children of A. E. Johnson, who is the executor, and the heirs at law of the said John Johnson other than the widow, on the other hand.   It seems that said John Johnson left no children surviving him, but his widow and his brothers and sisters and the children of the predeceased brothers and sisters.   There are three questions submitted for determination:

First.   The will uses this language: "I give my homestead, containing 700 acres, to my wife, Lydia Johnson, and if she ever wants to leave it, she is to let A. E. Johnson have the

place in trust for his children." Under this clause of the will, it is contended, on behalf of Mrs. Johnson, that she takes a fee simple title in said homestead tract of land, and on behalf of A. E. Johnson and his minor children, who have all been made parties to this action, and for whom a guardian *ad litem* has been appointed, it is contended that they take some estate or right in said property. After careful consideration of the said clause of said will, taken in connection with each and every other clause of the will, and after due consideration of the learned argument of counsel, I have reached the conclusion that Mrs. Lydia Johnson, under said clause of said will, takes a fee simple title in the said homestead tract of land of the said John Johnson, containing 700 acres. Section 1995 of the General Statutes of this State provides that no words of limitation shall be necessary to convey an estate in fee simple by devise, but every gift of land by devise shall be considered a gift by fee simple, unless such a construction be inconsistent with the will of the testator, expressed or implied. The first part of the clause in question clearly, according to this statute, puts a fee simple title in the beneficiary, Mrs. Lydia Johnson, and that fee simple title cannot be taken away; and unless there is something else in the clause which limits or places a condition upon the prior gift which is not inconsistent therewith, and I am satisfied that the remaining words of the clause cannot and do not amount to a limitation of the estate granted to Mrs. Johnson, and that if said words amount to a condition in any way, the same is repugnant, and cannot cut down the original fee vested in Mrs. Johnson. This decision is fully sustained by such cases as *Fuller* v. *Missroon*, 35 S. C., 316; *Bratton* v. *Massey*, 15 S. C., 277; *Arnold* v. *Arnold*, 41 S. C., 298; *Moore* v. *Saunders*, 15 S. C., 440.

Second. The second issue arises over what may be termed the second clause of the will, where the testator says: "I also give and bequeath to my wife, Lydia, all the household and kitchen furniture, including the iron safe, also one

buggy and harness, one mare mule five years old, five head of cattle and five head of hogs of her own choice, also all the contents of barns, store house, and smoke house, one stack of potatoes." It seems that in a building on the premises of the testator, both before the date of this will and at the time of his death, there were contained certain bales of cotton (at the time of his death the same amounting to six bales of cotton), and it is contended on the part of the widow, that, under this clause of the will, especially under the words, "all the contents of barns," she is entitled to said cotton. Upon due consideration of the said will, I am satisfied that it was not the intent of the testator that anything should pass to the widow under the said words, except the usual commodities that were kept in such barns, and that the six bales of cotton did not pass to her under the said clause of said will, and I am further satisfied, on the facts of the case, that the building in question was not a barn.

Third. The third issue arises under what may be termed the third clause of the will, as follows: "I also bequeath to my wife $200 annually, for her support, to be paid out of bonds, mortgages or any other moneys belonging to my estate." Under this clause, it is contended that the annuity to the widow of $200 as her support should be paid, not only out of bonds, mortgages or any other moneys that may come therefrom, but from any moneys that may arise from the sale of any other personal property of the estate, such, for instance, as the six bales of cotton in question. After due consideration of the said clause of the said will, I am satisfied, and so find, that the testator intended that said annuity for the support of his widow should be paid only out of such bonds, mortgages or choses in action, or moneys which he left at the time of his death, or any moneys that may arise from said bonds or mortgages or choses in action, and I so find.

Wherefore, it is ordered, adjudged, and decreed, that the homestead place of the late John Johnson, containing 700

acres, referred to in his will, is the absolute property of his widow, Lydia Johnson, in fee simple, to be used and disposed of as she sees fit. 2. That the six bales of cotton of the said John Johnson left at the time of his death belongs to his estate as intestate property, and is to be so administered by his executor and his executrix. 3. That the annuity of $200 directed by the testator to be paid his widow for her support shall be paid to her solely out of the bonds, mortgages, and choses in action, or any other moneys left by said testator, or out of any moneys arising from said bonds and mortgages and choses in action.

The minor children of A. E. Johnson except to the decree of Judge Benet herein, in so far as the same holds that Lydia Johnson has a fee in the homestead tract of land, containing 700 acres, under the will of John Johnson, and will appeal therefrom to the Supreme Court of this State, and thereof ask that the decree in that respect be modified on the following grounds: Because his Honor, Judge Benet, erred in decreeing that under the first clause of said will ("I give my homestead, containing 700 acres, to my wife, Lydia Johnson, and if she ever wants to leave it, she is to let A. E. Johnson have the place in trust for his children"), in connection with each and every other clause of said will, Lydia Johnson takes a fee simple title to the said homestead tract of land of 700 acres, in that it is submitted that under said clause and the whole will construed in connection therewith, she takes said property only so long as she occupies the same, or at the most a life estate therein.

The plaintiff, Lydia Johnson, as executrix and in her own right also, excepts to the decree upon the following grounds and exceptions:

First. Because, it is submitted, his Honor erred in finding that it was not the intent of the testator that anything should pass to the widow under the clause of the will, "all the contents of barns," except the usual commodities that were kept in such barns, and that the six bales of cotton did not pass to her under the said clause of said will, and

that the building in which the cotton was stored was not a barn. Whereas, it is submitted, that his Honor should have found that the said six bales of cotton under the said clause of said will passed to the widow, and that the building where the said cotton was found, was a barn in the sense in which it was used in said will.

Second. Because, it is submitted, that his Honor erred in finding that the testator under the third clause of his will intended that the annuity in support of his widow should be paid only out of such bonds, mortgages or choses in action, or moneys which he left at the time of his death, or any moneys which may arise from said bonds or mortgages or choses in action. Whereas, he should have found that the intent of the testator was that said annuity should have been paid, not only out of the bonds, mortgages, and other choses in action, but out of any moneys belonging to the testator's estate, in whatsoever shape it came to the estate after the death of the testator, and that said annuity was a charge upon the entire property of the testator.

*Mr. W. B. Woodward*, for appellant, cites: *On first point:* 29 S. C., 470; 17 Wall., 639; Rev. Stat., 1995. *On second:* 47 S. C., 2. *On third:* 3 Rich. Eq., 292; 6 Cond. E. C. R., 496; 1 Johns. Ch., 235.

*Messrs. Henderson Bros.*, contra, cite: *On first point:* 46 S. C., 523; 35 S. C., 314; 15 S. C., 277, 442; 41 S. C., 298; 5 S. C., 459; Rev. Stat., 1995; 29 S. C., 58; 46 S. C., 551; 2 DeS. Eq., 56. *On third:* Spear Eq., 86; 6 S. C., 27.

March 9, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. John Johnson, of Aiken County, in this State, departed this life on the 11th day of December, 1893, leaving his last will and testament, of which the following is a copy: "I, John Johnson, of Aiken County, S. C., a farmer, make this my last will and testament: I give, devise and bequeath my estate and property, real and personal, as follows, that is to say: I give my homestead, containing 700 acres, to my wife, Lydia Johnson, and if she ever wants

to leave it, she is to let A. E. Johnson have the place in trust for his children.    I also give and bequeath to my wife, Lydia Johnson, all the household and kitchen furniture, including the iron safe, also one buggy and harness, one mare mule five years old, five head of cattle and five head of hogs of her own choice, also all the contents of barn, store house, and smoke house, one stack of potatoes.  I also bequeath to my wife $200 annually for her support, to be paid out of bonds, mortgages or other moneys belonging to my estate.   I appoint Lydia Johnson and A. E. Johnson executors of this my will." The said Lydia Johnson and A. E. Johnson were in doubt as to the proper construction of this will.   This action was brought by them against all the heirs of their testator, as well as the children of A. E. Johnson, and came on for trial before his Honor, Judge Benet, at the fall term, 1896, of the Court of Common Pleas for Aiken County.   By his decree he held that the widow of testator, Lydia Johnson, took the 700 acres devised to her in the will in fee simple, unaffected by the words therein: "and if she ever wants to leave the place, she is to let A. E. Johnson have the place in trust for his children."   Secondly. He held that the widow, Lydia Johnson, was not entitled to receive the six bales of cotton found at testator's death under the building known as a buggy shed, such building not being entitled to be called a "barn," as set out in the will.   Thirdly. He held that the annuity of $200, directed to be paid to Lydia Johnson, the widow, was intended by the testator to "be paid only out of such bonds, mortgages or choses in action, or moneys which he left at the time of his death, or any moneys that may arise from said bonds or mortgages or choses in action."  From that part of the decree relating to the 700 acres of land the defendants have appealed, and from the second and third findings the plaintiff, Lydia Johnson, has appealed.  We will dispose of these questions in the order in which they were considered by the Circuit Judge, but think the decree and the exceptions thereto should be reported.

First. It is very evident, from the language used by the testator as to this devise, so far as the words, "and if she ever wants to leave it, she is to let A. E. Johnson have the place in trust for his children," are concerned, that whatever condition is here expressed or implied is to occur during the lifetime of the said Lydia. It expressly says, "if she ever wants to leave it," thereby limiting their meaning to the wish of the said Lydia, and to no other incident. These are the only words of the will which refer to this matter. The children of A. E. Johnson are not heirs at law of the testator. It is not expressed in these words whether it is that a sale is to be made of these lands to A. E. Johnson, in trust for his children, or whether it is to be a gift or devise to them. We are inclined to the opinion that the testator intended a fee simple estate in these lands to his widow, but, in the event she determined to leave there as a home, it is recommended to her that a preference should be given to the father of these children in the purchase of the same as their trustee. It is conceded in the argument that, under the laws of this State, a devise of lands to A., without any restrictive words in the will, carries the fee to A. therein. See section 1995 of our General Statutes, which is in these words: "No words of limitation shall be necessary to convey an estate in fee simple by devise, but every gift of land by devise shall be considered as a gift in fee simple, unless such a construction be inconsistent with the will of the testator, expressed or implied." We cannot find any evidence of any other intention of the testator in his will which is inconsistent with the foregoing views, and we, therefore, overrule this exception of the defendants.

Mrs. Lydia Johnson appeals from the decree in regard to the six bales of cotton. We have carefully examined the evidence which was submitted in the Circuit Court. The word "barn," in the ordinary acceptation of that term, would hardly be broad enough to include a house built as a shelter for buggies, although it

was also used to store rough food for cattle, such as peas, pea vines, &c. The word "barn," as used by the testator, must be construed, we think, to mean a building whose *primary use or adaptation* was to the storing away of corn, wheat, other grain, and rough food. It would not destroy this meaning that sheds were attached to the building, where wagons, &c., were kept out of the weather. But a house built, as a primary use thereof, for the shelter of buggies or carriages, cannot be held to be a "barn." We think the exception is not well taken.

Mrs. Johnson, as her second ground of appeal, complains that the Circuit Judge erred in construing the language of the will to restrict her annuity of $200 to the bonds, mortgages, other choses in action, and money, or the proceeds of the bonds, mortgages, and other choses in action when collected, and other money on hand or left by the testator. The testator must be understood to mean what he says. By his will he limits this annuity to be derived from the sources enumerated in the will, as found by the Circuit Judge. Where the meaning of words is evident, construction cannot make them any plainer. Indeed, it is unwise to attempt to explain what is already clear. So we think of the language of the testator as to this annuity, and, therefore, we overrule this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.